UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NEW YORK EXPRESS GRILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:12-CV-111 WL |
| v. | ) | |
| | ) | |
| FIVE EIGHT LIQUORS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

New York Express Grill, by its owner Cassidy Noell Beasley, a *pro se* litigant, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE 1, 2.) Under the *in forma pauperis* statute, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Here, Beasley brings suit on behalf of her restaurant, New York Express Grill, located in Merrillville, Indiana. (DE 1 at 1.) She is suing Five Eight Liquors, another business located in Merrillville, claiming that its owner made defamatory remarks about her restaurant causing damage to its reputation and lost business. (DE 1 at 2.) As an initial matter, a business cannot proceed without counsel in federal court. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se."). Therefore, Beasley, a *pro se* litigant, cannot proceed with this case on behalf of her restaurant. Even if Beasley were able to retain counsel, there is no conceivable basis for this case to proceed in

federal court. The liquor store is a private company, not a state actor, and therefore cannot be sued for constitutional violations under 42 U.S.C. § 1983. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Nor is there any basis for presuming that diversity jurisdiction exists, since both businesses are located in Indiana. *See* 28 U.S.C. § 1332(c)(1). Accordingly, this action must be dismissed.[1]

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 2) is DENIED and the complaint (DE 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: March 21, 2012

s/William C. Lee
William C. Lee, Judge
United States District Court

---

[1] This order does not purport to adjudicate any claims Beasley may have under state law, and she is free to pursue such claims in state court if she so chooses.